NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIZABETH M. BARNSON KARNAZES, Plaintiff-Appellant, v. AMERICAN AIRLINES, INC., Defendant-Appellee. | No. 21-15284 D.C. No. 3:19-cv-05754-WHO MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted July 27, 2023**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Elizabeth Karnazes appeals from the district court's dismissal of her complaint with prejudice and denial of her motion for leave to retain counsel and file a Second Amended Complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the dismissal of her complaint de novo, *Edwards v. Marin Park*,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004), and the denial of leave to amend for abuse of discretion, *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016), we affirm.

1. The district court properly granted the motion to dismiss. To survive a Rule 12(b)(6) motion to dismiss, a claimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While courts do not require "heightened fact pleading of specifics," a claim must be supported by facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

We agree that Karnazes' allegations are too conclusory to state plausible claims. Karnazes offers no theory of how American Airlines was negligent or how the alleged "assault and battery" by an intoxicated passenger can be imputed to the airline to support an intentional tort claim. Nor does she plead any of the necessary elements to support her breach of contract claim. Her conclusory allegation of fraud without any supporting details likewise fails to state a claim. And Karnazes' references to "exemplary damages," "premises liability," "unjust enrichment" and various statutory provisions all fall short of stating actionable claims.

2

2.	The district court did not abuse its discretion in denying Karnazes' request for leave to amend her First Amended Complaint. Courts generally "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). But in the presence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," courts have discretion to deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the district court acted within its discretion by denying Karnazes leave to amend in light of her repeated delays and the insufficiency of her previous amendment. As the district court stated, "[t]here is no indication that granting her leave to amend to file a Second Amended Complaint … would result in the assertion of cognizable claims." Karnazes failed for fourteen months to file any opposition to the motion to dismiss, then filed one that failed to address the issues raised in the motion. Moreover, Karnazes failed to disclose any specific facts that would cure the deficiency in her First Amended Complaint. "A plaintiff may not in substance say, 'trust me,' and thereby gain a license for further amendment when prior opportunity to amend had been given." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

**AFFIRMED.**

3